

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2002

# USA v. Sutton

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sutton" (2002). *2002 Decisions.* Paper 679.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/679

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-3909

————————

UNITED STATES OF AMERICA

v.

OLAUF SUTTON,
a/k/a MO,

Olauf Sutton, Appellant

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal  No. 01-cr-00146)
District Judge: Hon. Eduardo C. Robreno

————————

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2002

Before: BARRY, AMBRO and COWEN,  Circuit Judges

(Filed                    )

_____

OPINION

_____


COWEN, Circuit Judge

Defendant Olaf Sutton[1] appeals from the District Court's judgment entered on October 18, 2001, asserting that the District Court erred in sentencing. We will affirm.

I.

Sutton robbed two FDIC-insured banks in 2000. He was arrested on January 11, 2001, and confessed that he had committed both robberies. On May 11, 2001, he pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) pursuant to a plea agreement.

The District Court sentenced Sutton under the United States Sentencing Guidelines ("U.S.S.G."). The Presentence Investigation Report ("PSI") stated that Sutton's total offense level was 23 and his criminal history category was III, resulting in a sentencing range of 57 to 71 months. The PSI further indicated that Sutton was subject to the career offender provision, U.S.S.G. § 4B1.1, because of two prior convictions. These two convictions were for simple assault committed in 1988 when Sutton was 18 years old and for a 1991 robbery committed at the age of 21. He received a sentence of "time in to 12 months" for the simple assault conviction and 11 ½ to 23 months for the robbery conviction. In 1989 at the age of 19, Sutton was convicted of possession of .85 grams of crack cocaine and was sentenced to one year of probation. He subsequently committed a parole violation, apparently due to unsatisfactory progress in a drug treatment program. He

---

[1] The docket incorrectly indicates that Sutton's first name is "Olauf."

was therefore re-sentenced on the robbery conviction to a term of imprisonment of 20 to 40 months.

The career offender designation increased Sutton's offense level to 29 and his criminal history category to VI. This increase resulted in a sentencing range of 151 to 188 months.

Sutton objected to the career offender enhancement, arguing that any such enhancement would be unconstitutional under the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The District Court, citing our ruling in *United States v. Williams*, 235 F.3d 858 (3d Cir. 2000), *cert. denied*, 122 S. Ct. 49 (2001), concluded that *Apprendi* was inapplicable because, even with this enhancement, any sentence would still not exceed the 20-year maximum sentence for bank robbery specified by 18 U.S.C. § 2113(a).

Sutton moved for a downward departure pursuant to U.S.S.G. § 4A1.3, the policy statement permitting departures on the grounds of over-representation of criminal history. He argued that the simple assault conviction was a misdemeanor offense only "technically" considered a violent felony for purposes of U.S.S.G. § 4B1.1. He further asserted that his prior offenses were committed at a young age when he was coming to terms with childhood sexual abuse. In support of this departure motion, Sutton submitted a psychological evaluation addressing such matters as his history of sexual abuse and psychological difficulties.

The District Court, although conceding that it was "a close call," denied the motion for departure. App. at 77. Although recognizing that it possessed the authority to depart, it concluded "that this is not an appropriate case in which that authority should be exercised." *Id.* at 80. The District Court justified its determination by considering both Sutton's past and an example provided by the policy statement itself:

> . . . I look at the instruction under the guideline [U.S.S.G. § 4A.3] itself which points out to a - - an example of where a departure may be appropriate, and that's a defendant with two minor - - misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

> In this case, we have, of course, the robbery in the intervening period. We also have the violation of parole. The ten years intervening period, of course, must be shortened by the time in which the defendant was incarcerated, and that would be reduced significantly.

> So, weighing those against the factors which counsel has identified, youth at the time the offenses were committed and length of time, and what appears to be a - - the psychological history of the defendants, taking that into account and weighing that against the defendant's involvement in criminal behavior during the intervening year, from the time the convictions occurred, I find that this is not an appropriate case and that the defendant's criminal history category does not over represent the seriousness of the defendant's criminal history or t commit further crimes. Given the nature of the violent crimes involved here, this is not a case which a departure would be appropriate.

*Id.* at 80-81. The District Court entered a judgment of conviction on October 18, 2001 and sentenced Sutton to a term of imprisonment of 151 months, three years of supervised release, restitution in the amount of $9,233.00, and a $200.00 special assessment. Sutton timely appealed.

II.

4

Sutton asserts that the District Court, in denying his motion for a downward departure, "misapprehended" its authority to depart based on an erroneous application of a non-analogous example provided by U.S.S.G. § 4A1.3. He further contends that the District Court's enhancement of his sentence under U.S.S.G. § 4B1.1 was unconstitutional under *Apprendi*. Both of these arguments are without merit.

We lack jurisdiction to review a district court's discretionary refusal to grant a downward sentencing departure where the district court was aware of its power to order such a departure. *See, e.g., United States v. McQuilkin*, 97 F.3d 723, 729-30 (3d Cir. 1996); *United States v. Denardi*, 892 F.2d 269, 271-72 (3d Cir. 1989). We do have jurisdiction to determine whether a district court "acted under a misapprehension of the standards for departure under the [Sentencing] Guidelines." *United States v. Gaskill*, 991 F.2d 82, 84 (3d Cir. 1993); *see also, e.g.*, *United States v. Torres*, 251 F.3d 138, 144-45 (3d Cir.), *cert. denied*, 122 S. Ct. 1307 (2001); *McQuilkin*, 97 F.3d at 729-30.

The District Court fully acknowledged its power to depart on the grounds of over-representation of criminal history. In refusing to depart, it relied on the following example provided by U.S.S.G. § 4A1.3:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal

5

history category (Category II), and therefore consider a downward departure from the guidelines.

Sutton argues that this reliance was inappropriate because, while the defendant in the example was in Criminal History Category II, the career offender enhancement placed Sutton in Criminal History Category VI. According to Sutton, the District Court erred in not comparing his criminal history with the histories of other Criminal History Category VI offenders. The government admits that a District Court arguably would commit legal error if it held "that a downward departure is available under [U.S.S.G. § 4A1.3] only where a defendant, in any criminal history category, meets the exact example cited in the [policy statement]." Gov't's Br. at 13. The District Court, however, did not make such a holding, and it was proper for the District Court to turn for guidance to the example in the policy statement. The District Court took into account other considerations such as the "nature of the violent crimes involved here," App. at 81, Sutton's age at the time of the two prior convictions, and his psychological history.

Sutton further argues that the District Court misinterpreted the example's reference to the absence of criminal behavior in the "intervening period." He contends that the example refers to the period between the most recent of the prior convictions and the instant offense, and he asserts that the District Court erred in stating that the prior robbery conviction occurred "in the intervening period."[2] *Id.* at 80. Any possible mistake by the

---

  [2] Sutton, in his initial brief, argues that the District Court made a clearly erroneous factual error in stating that Sutton committed a robbery in the intervening period. In his reply brief, Sutton apparently restates this assertion in terms of a misapprehension of legal

District Court clearly does not rise to the level of reversible error given that this example merely provided guidance for the District Court's exercise of its discretion. Even assuming that the intervening period did not begin until after Sutton's robbery conviction, Sutton still violated the terms of his parole and was imprisoned during the applicable period. Particularly because of the District Court's recognition of its power to depart and its full consideration of the factors weighing for and against such departure, we conclude that the District Court did not misapprehend the legal standards governing its determination not to depart.

Sutton further argues that the career offender sentencing enhancement was unconstitutional under *Apprendi* because the fact of his two prior convictions and his age at the time of the two bank robberies were neither pled in the indictment nor proved to a jury beyond a reasonable doubt. The Supreme Court held that "any fact[, other than the fact of a prior conviction,] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 491. We exercise plenary review over the District Court's determination that *Apprendi* does not apply. *See, e.g., Williams*, 235 F.3d at 861.

The District Court ruled that *Apprendi* does not apply due to the maximum sentence authorized by the bank robbery statute itself. Sutton's sentence of 151 months imprisonment clearly falls below the maximum statutory sentence of 20 years

---

standards. We consider the contention under the terms provided by the reply brief.

7

imprisonment for one count of bank robbery. 18 U.S.C. § 2113(a). Sutton, however, contends that *Apprendi* is applicable because the finding of career offender status increased the sentencing range under the U.S.S.G. and perhaps even established a mandatory minimum sentence. As Sutton acknowledges, we have held that *Apprendi* does not apply to the increase in a defendant's sentence under the U.S.S.G. where the sentence imposed does not exceed the statutorily prescribed maximum. *Williams*, 235 F.3d at 862-63; *see also, e.g., United States v. Pressler*, 256 F.3d 144, 159 (3d Cir.), *cert. denied*, 122 S. Ct. 503 (2001). After the submission of Sutton's initial brief, a majority of the Supreme Court held in *Harris v. United States*, 122 S. Ct. 2406 (2002), that the requirements of *Apprendi* are inapplicable to "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum)," *id.* at 2414 (plurality opinion) (Kennedy, J.).[3] Given that the sentence imposed by the District Court after the career sentencing enhancement clearly falls below the statutory maximum, we hold that *Apprendi* is inapplicable here.[4]

### III.

---

[3] Justice Kennedy wrote the plurality opinion in *Harris*, which was joined as to the question of the applicability of *Apprendi* to mandatory minimums by Chief Justice Rehnquist, Justice O'Connor, and Justice Scalia. Justice Breyer also joined in the plurality opinion "to the extent that it holds that *Apprendi* does not apply to mandatory minimums" and the Court's judgment. *Harris*, 122 S. Ct. at 2421 (Breyer, J., concurring in part and concurring in judgment).

[4] Although we need not reach the issue, the Court further notes that the government was not required to allege Sutton's prior convictions in the indictment and prove the fact of these convictions to a jury beyond a reasonable doubt. *See, e.g., United States v. Weaver*, 267 F.3d 231, 250-51 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 1118 (2002).

For the foregoing reasons, we will dismiss the appeal seeking review of the failure of the District Court to depart and, in all other respects, we will affirm the October 18, 2001 judgment of the District Court.

————

TO THE CLERK:

Please file the foregoing opinion.

United States Circuit Judge